IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN FRYMOYER,

          Plaintiff,

   v.                                       CIVIL ACTION
                                          NO. 15-6805

CITY OF READING, PENNSYLVANIA, et al,

          Defendants.

**MEMORANDUM OPINION**

**Schmehl, J.**   /s/ JLS                                                       July 6, 2016

      Before the Court is the partial motion to dismiss and motion to strike of Defendants, City of Reading, Vaughn Spencer, Gregory Smith, Carole Snyder and Felix Freytiz (in his capacity as an employee of the City of Reading) (hereinafter "Reading defendants") and the motion to dismiss of Defendants, American Federation of State, County and Municipal Employees, Justus James and Felix Freytiz (in his capacity as President of AFSCME Local 2763) (hereinafter "union defendants"). Plaintiff, Susan Frymoyer (hereinafter "Plaintiff") has filed opposition to both motions, and Defendants have filed reply briefs. Having read the parties' briefing, I will grant the motions of all defendants in their entirety.

    **I.**     **STATEMENT OF FACTS**

      Plaintiff was hired as a part time employee with the City of Reading in March of 2007, and became a full time employee of the City in March of 2008. (Compl., ¶ 8.) Plaintiff claims that in 2007, she informed her supervisor that she suffered from neck and back problems that required her to take pain medication, medication for sleep, Vicodin, Trazone and Zanaflex. (Id. at ¶ 17.) Plaintiff also suffered from fibromyalgia and anxiety,

for which she took additional medication. (Id. at ¶ 18.) Plaintiff states that there were occasions when she would be required to miss work due to her neck and back issues, as well as work related stress. (Id.) Plaintiff claims that she was "subject to increasingly great job related stress," and that she complained to City Managing Director Carole Snyder about it and requested accommodation by lowering the stress level in her department, the Payroll Department. (Id. at ¶¶ 20-21.) Plaintiff states that Ms. Snyder agreed to speak with Matthew Bembenick, the Finance Director, about lowering stress levels, but that there was no reduction in her stress level following her conversation with Ms. Snyder. (Id.) Plaintiff and a co-worker spoke with Ms. Snyder two additional times about the lack of accommodation and discipline that Plaintiff began receiving, to no avail. (Id.) Plaintiff then complained to Mayor Spencer about her discipline, and asked to speak with him directly, although he failed to ever speak to Plaintiff (Id. at ¶ 27.)

In January of 2015, AFSCME, through Defendants James and Freytiz, and Gregory Smith, City of Reading Human Resources Manager, asked Plaintiff to leave the Payroll Department, which she refused to do. (Id. at ¶ 23.) In February of 2015, the City began required clerical staff to take and pass a typing test, which Plaintiff alleges was done to "[get] rid of the old timers." (Id. at ¶¶ 24-25.) Plaintiff alleges that union defendants James and Freytiz "entered into an illegal agreement, without bargaining, to impose on city office clerical staff a typing test, … [which] adversely affected woman (sic) and older employees, thereby creating a hostile work environment." (Id. at ¶ 24.) Plaintiff's position in the Payroll Department was eventually eliminated, and she attempted to "bump" into another position but would have to pass a typing test to do so.

(Id. at ¶ 26.) Plaintiff refused to take the typing test and was terminated on February 13, 2015. (Id.)

Plaintiff brings claims against the defendants under the Rehabilitation Act of 1973 ("Rehab Act"), Age Discrimination in Employment Act ("ADEA"), Pennsylvania Human Relations Act ("PHRA"), and the Older Worker's Benefit Protection Act ("OWBPA").

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007.) A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference tha the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 678.) The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," id. at 210-11, and then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief,'" id. at 211 (quoting Iqbal, 556 U.S. at 679).

A motion to strike is brought under Federal Rule of Civil Procedure 12 (f), which allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Blocker v. Community Educ. Centers, Inc., 2014 WL 1348958 (E.D. Pa. Apr. 7, 2014). Immaterial matter is defined as "that which has no essential or important relationship to the claim for relief…A scandalous matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." Dombrowski v. Governor Mifflin

School Dist., 2012 WL 2501017 (E.D. Pa. June 29, 2012) (quoting Conklin v. Anthou, 2011 WL 1303299 M.D. Pa. Apr. 5, 2011).

### III.   DISCUSSION

The City defendants move to dismiss the complaint in part and also move to strike a line from the complaint. The union defendants seek to strike the complaint and have it stricken with prejudice as to them. For the reasons that follow, I will grant the City defendants' partial motion to dismiss, will grant the Union defendants' motion to dismiss and will grant the City defendants' motion to strike.

#### A.  CLAIMS CONCEDED BY PLAINTIFF

In her response to the City defendants' motion to dismiss, Plaintiff concedes that Counts II and IV as to Defendants Spencer, Smith, Snyder and Freytiz must be dismissed, as well as Count VII as to the City of Reading. Further, in her response to the Union defendants' motion to dismiss, Plaintiff concedes that Counts II and IV must be dismissed as to all Union defendants. Accordingly, Counts II and IV are stricken as to all defendants except the City of Reading, and Count VII is stricken from the complaint in its entirety.

#### B.  CITY DEFENDANTS' PARTIAL MOTION TO DISMISS

The only remaining claims in the City defendants' motion to dismiss are the claims contained in Counts VI and IX of Plaintiff's Complaint, which assert liability under the PHRA against each City of Reading employee/official in their individual capacity, including Spencer, Smith, Snyder, and Freytiz. The City defendants argue that these PHRA claims contained in Counts VI and IX as to Freytiz fail as a matter of law because he is not a supervisory employee. In response, Plaintiff argues that, despite being

4

a non-supervisory employee, Freytiz entered into a conspiracy with supervisory employees and therefore may be held liable under the PHRA.

"The PHRA allows individual supervisors to be held liable for aiding and abetting an employer's violation of the PHRA." Merces-Clark v. Pennsylvania, 2013 WL 6096324 (E.D. Pa., Nov. 19, 2013) (citing Dici v. Pennsylvania, 91 F.3d 542, 552-53 (3d Cir. 1996). However, "[o]nly supervisory employees may be held liable for aiding and abetting…" Kaniuka v. Good Shepherd Home, 2005 WL 2994348 (E.D. Pa., Nov. 3, 2005) (citing Dici, 91 F.3d at 553). Plaintiff's Complaint contains no allegation that Freytiz was a supervisory employee or that he had supervisory authority over Plaintiff. However, Plaintiff argues in her response that because the "facts here make plain that Mr. Freytiz conspired with defendant Smith and union defendant James," Freytiz may be held liable under the PHRA. In support of this argument, Plaintiff cites to Faust v. Storm, et al, 2009 WL 2143546 (E.D. Pa., Jul. 15, 2009).

Plaintiff argues that the Faust court "held where a non-supervisory employee is alleged to have conspired with supervisors to deprive an employee of his civil rights that the non-employee supervisory may also be held liable under § 955(e)" of the PHRA. (Plaintiff's Response, dkt no. 10, pp. 12-13.) However, a close reading of Faust shows that it does not support Plaintiff's argument. In fact, nowhere in Faust does it say that non-supervisory employees may be held liable under the PHRA if they have conspired with supervisory employees. To the contrary, Faust allowed Klinger, a defendant, to remain in the case at the motion to dismiss stage not because plaintiff alleged that he had been involved in a conspiracy with supervisory employees but because plaintiff alleged in her complaint that Klinger held a supervisory position. Faust, 2009 WL 2143546, at * 2.

5

As Plaintiff in this matter has not alleged Freytiz was a supervisor or that he had supervisory authority over her and non-supervisory employees may not be held liable for violations of §955 of the PHRA, Counts VI and IX of Plaintiff's Complaint as to Freytiz must be dismissed.[1]

### C. CITY DEFENDANTS' MOTION TO STRIKE

The City defendants also move to have the second sentence of Paragraph 12 of Plaintiff's Complaint stricken, including footnote one. That paragraph reads as follows:

> "12.    In 2015, the Mayor of the City of Reading was Vaughn Spencer. Mr. Spencer and his administration are under investigation by the Federal Bureau of Investigation.[2]"

(Compl., ¶ 12.) The City defendants claim that the allegation that Mayor Spencer is under investigation by the FBI is wholly irrelevant to Plaintiff's claims, as is the allegation that his special assistant pled guilty to conspiracy to commit bribery and related charges. In response, Plaintiff argues that these allegations "speak to facts related to the tenor and actions of [Mayor Vaughn's] administration which effected (sic) the climate under which City employees, like Plaintiff, worked." (Dkt No. 10, p. 12.)

I find that the allegations Plaintiff has set forth relating to Mayor Spencer's investigation by the FBI do nothing to further Plaintiff's claims in this employment discrimination action. These allegations have "no essential or important relationship to [Plaintiff's] claim for relief" and may cause prejudice to Mayor Spencer in this matter or

---

[1] Plaintiff also argues that the individual union defendants may be held liable in this matter under Section 955(e) of the PHRA because, although they are not supervisors, they allegedly conspired with supervisory employees. The same reasoning applies to the individual Union defendants as applied to the individual City defendants-a non-supervisory employee cannot be held liable for violations of §955 (e) of the PHRA. Accordingly, these allegations are dismissed as to the individual Union defendants as well.

[2] "Mr. Spencer's special assistant Erin Lloyd pled guilty to conspiracy to commit bribery and related charges in December of 2015."

may cause confusion of the issues. Accordingly, I grant the City defendants' motion to strike and the second sentence of paragraph 12 is stricken from Plaintiff's Complaint, along with footnote one.

### D. UNION DEFENDANTS' MOTION TO DISMISS

The Union defendants' motion to dismiss argues that Plaintiff's claims against James and Freytiz (in his union capacity) under the ADEA and PHRA should be dismissed due to Plaintiff's alleged failure to exhaust her administrative remedies. Plaintiff argues that she should be held to have exhausted her administrative remedies under the ADEA and PHRA because her EEOC intake questionnaire and formal charge, when read together, make reference to the Union defendants. In response, the Union defendants argue that the relevant document to consider in determining whether a plaintiff has exhausted administrative remedies is the charge document only and not the intake questionnaire, and since Plaintiff did not mention the union defendants in the charge document, she failed to exhaust her administrative remedies and this court lacks jurisdiction over the union defendants.

It is undisputed that "[a] plaintiff 'must exhaust all required administrative remedies before bringing a claim for judicial relief.' To bring a claim under Title VII, a plaintiff must file a charge of discrimination with the EEOC and procure a notice of right to sue. The same is required to bring a claim under the PHRA." Mandel v. M&Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (internal citations omitted). A review of Plaintiff's EEOC charge, attached as Exhibit A to the Union defendants' motion to dismiss, clearly shows that the formal EEOC charge is directed to the City of Reading only. However, in the EEOC intake questionnaire, attached as part of Exhibit A to

7

Plaintiff's Response to the Union defendants' motion to dismiss, Plaintiff mentions Felix Freytiz, as President of the Union, as someone responsible for discriminating against her. (Docket No. 9, Ex. A.) The intake questionnaire also lists Freytiz as someone who made discriminatory statements and took discriminatory action. (Id.)

The law of the Third Circuit is clear that in order to determine whether a plaintiff has exhausted her administrative remedies as to certain defendants, the operative document is the formal charge, not the intake questionnaire. Barzanty v. Verizon Pa., Inc., 361 Fed. Appx. 411, 415 (3d Cir. 2010); Winter v. Cycam/Med Source Technologies, 166 Fed. Appx. 593, 595 (3d Cir. 2006); Martsolf v. United Airlines, Inc., 2014 WL 901287 (W.D. Pa., Mar. 7, 2014). Further, courts have not relaxed this rule when the plaintiff was *pro se*, as in the instant case. See Winter, 166 Fed. Appx. at 593.

There is an exception to the general rule that a discrimination claim may only be brought against a party named as a respondent in an administrative charge where an unnamed respondent received notice of the charge and shares a commonality of interest with the named party. Schafer v. Board of Public Education of the School District of Pittsburgh, 903 F.2d 243, 252 (3d Cir. 1990). In the instant matter, there is no indication or allegation by Plaintiff that the union defendants ever received notice of her charge against the City of Reading. Further, there is no evidence that the City and the union had a commonality of interest. See Schafer, 903 F.2d at 252 (reversing District Court determination that union and employer had commonality of interest); Deans v. Kennedy House, 998 F. Supp.2d 393, 413 (E.D. Pa.), aff'd 587 Fed. Appx. 731 (3d Cir. 2014) ("courts have routinely held that a union and an employer do not share such [a commonality] of interest").

Therefore, I find that by listing the City of Reading only in the formal charge, they were the only party responding party involved in that proceeding. Accordingly, Plaintiff failed to exhaust her administrative remedies as to the Union defendants, and this Court lacks jurisdiction over any claims against the Union defendants under the ADEA or the PHRA.[3]

## IV.    CONCLUSION

For the foregoing reasons, the City defendants' Partial Motion to Dismiss Plaintiff's Complaint is granted and the Union defendants' Motion to Dismiss Plaintiff's Complaint is granted, and Defendants AFSCME, Justus James and Felix Freytiz (only in his capacity as President of the Union) are dismissed from this action.

---

[3] Plaintiff also seeks leave to amend her Complaint to include a hostile work environment cause of action as to the Union defendants. As Plaintiff has failed to exhaust her administrative remedies as to the Union defendants, amendment of the complaint to include an additional claim against them would be futile. Accordingly, Plaintiff's request for leave to amend the complaint to include a hostile work environment claim as to the Union defendants is denied.